# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-327-STE |
| ) | |
| ANDREW M. SAUL, ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for benefits. Following two administrative hearings, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-22).

Subsequently, the Appeals Council denied Plaintiff's request for review,[1] making the ALJ's decision the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 25, 2016, his application date. (TR. 17). At step two, the ALJ determined that Mr. Snyder had the following severe impairments: asymptomatic HIV; osteoarthritis of the left knee; and obesity. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19).

At step four, the ALJ concluded that Mr. Snyder retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b): that is, the claimant can occasionally lift and/or carry 20 pounds and can lift and/or carry frequently 10 pounds; stand and/or walk at least 6 hours in an 8-hour workday; sit at least 6 hours in an 8-hour workday; and no more than occasionally climb such things as stairs or ramps, kneel, crouch, or crawl.

(TR. 20). With this RFC, the ALJ concluded that Mr. Snyder was able to perform his past relevant work as a short order cook and a liquor establishment manager. (TR. 22). Thus, at step four, the ALJ concluded that Mr. Snyder was not disabled. (TR. 22).

---

[1] (TR. 1-3).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Mr. Snyder alleges the ALJ erred in: (1) his treatment of two medical opinions and (2) his evaluation of Plaintiff's need for a cane. (ECF No. 14:3-12).

## V. THE ALJ'S EVALUATION OF MEDICAL OPINIONS

Plaintiff alleges that the ALJ impermissibly substituted his opinion when evaluating medical opinions offered by two State Agency physicians—Dr. Sterling Moore and Dr. David Bailey. (ECF No. 14:3-7). The Court disagrees.

3

Drs. Moore and Bailey, who considered Plaintiff's application for benefits initially, and on reconsideration, opined that Mr. Snyder retained the RFC to: (1) occasionally lift and/or carry 20 pounds; (2) frequently lift and/or carry 10 pounds; (3) stand and/or walk with normal breaks for a total of 4 hours during an 8-hour workday; and sit with normal breaks for a total of 6 hours during an 8-hour workday. (TR. 107, 121). At a supplemental administrative hearing, medical expert Dr. Krishnamurthy provided an opinion regarding Plaintiff's abilities and limitations based on a review of the medical record. (TR. 33-43). According to Dr. Krishnamurthy, Plaintiff retained the abilities to: (1) frequently lift 25 pounds; (2) occasionally lift 10 pounds; (3) sit with no limitations; and (4) stand and/or walk for 4-6 hours during an 8-hour workday. (TR. 33).

As reflected in the RFC, the ALJ adopted Dr. Krishnamurthy's opinion that Mr. Snyder was capable of walking 6 hours during an 8-hour workday, over opinions offered by Drs. Moore and Bailey that Plaintiff could only walk 4 hours during an 8-hour workday. *Compare* TR. 20, 33 (RFC and Dr. Krishnamurthy's opinion) *with* TR. 107, 121 (opinions from Drs. Moore and Bailey). Because the opinions from Drs. Moore and Bailey conflicted with the RFC, the ALJ was required to weigh them, as noted by Mr. Snyder. *See* ECF No. 14:5, citing 20 C.F.R. § 404.1527. Plaintiff argues the ALJ: (1) failed to weigh the opinions and (2) impermissibly substituted his opinion for those offered by Drs. Moore and Bailey, effectively "playing doctor." (ECF No. 13:5-10). The Court disagrees.

First, the ALJ acknowledged the opinions from Drs. Moore and Bailey regarding Plaintiff's ability to only walk for 4 hours, but rejected them in favor of Dr. Krishnamurthy's opinion that Plaintiff could walk 6 hours during an 8-hour day. In doing so, the ALJ relied

on: (1) x-ray findings from March 2015 and July 2016 and (2) findings from an April 26, 2016 office visit which noted "normal posture and gait." (TR. 21, citing TR. 762, 802, 834). Plaintiff alleges that the ALJ "failed to evaluate any of the factors set out in the regulations" when rejecting the opinions of Drs. Moore and Bailey. (ECF No. 14:6). But the Court disagrees, as the ALJ clearly relied on: (1) the degree to which the opinions were supported by relevant evidence (the x-ray evidence) and (2) the consistency between the opinions and the record as a whole (the April 26, 2016 office visit). *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (listing the regulatory factors that an ALJ must consider when evaluating any medical opinion).

Second, the Court does not find that the ALJ "played doctor" when he rejected the 4-hour walking limitation offered by Drs. Moore and Bailey. It is true that administrative law judges cannot substitute their own lay opinions for those given by a medical expert. *McGoffin v. Barnhart,* 288 F.3d 1248, 1252 (10th Cir. 2002). But that is not what the ALJ did here. Instead, in concluding that x-ray findings and other medical evidence did not support a 4-hour walking restriction, the ALJ fulfilled his "obligation to determine what [Mr. Snyder] could do in spite of his limitations." *See Howard v. Barnhart,* 379 F.3d 945, 949 (10th Cir. 2004) (stating that the ALJ, not a physician, is charged with determining the claimant's residual functional capacity). Accordingly, the Court finds no error. *See Trujillo v. Colvin*, 626 F. App'x 749, 752–53 (10th Cir. 2015) (ALJ was not "playing doctor" when analyzing physician's opinion "against the backdrop of the other … evidence."); *Gonzalez v. Berryhill*, No. CIV-18-364-HE, 2018 WL 6274067, at *3 (W.D. Okla. Nov. 8, 2018), *report and recommendation adopted*, No. CV-18-0364-HE, 2018 WL 6274013

(W.D. Okla. Nov. 30, 2018) (ALJ's conclusion that a plaintiff had "shown improvement" was not an example of the ALJ "playing doctor" because the ALJ had supported her findings with citations to the medical record); *Sylvia Lee v. Berryhill*, No. CIV-16-483-R, 2017 WL 2892338, at *5 (W.D. Okla. June 15, 2017), *report and recommendation adopted*, No. CIV-16-483-R, 2017 WL 2880862 (W.D. Okla. July 6, 2017) (ALJ's statement that "findings from examination do not support the alleged severity of [Plaintiff's] complaints" was not an example of the ALJ "playing doctor," but instead "st[ood] for the proposition that the medical evidence d[id] not support the level of severity of the impairments alleged by [the plaintiff].").

## VI. PLAINTIFF'S ALLEGED NEED FOR A CANE

At the administrative hearing, Mr. Snyder testified that he was using a cane, but that the cane had not been prescribed by a doctor. (TR. 44). Plaintiff stated that he used the cane "because [he has] a problem with falling … [and] when [he] [doesn't] use the cane there's more pain in [his] left leg." (TR. 44). The ALJ acknowledged Plaintiff's testimony, but made no other findings regarding whether the cane was medically necessary or needed to be accommodated in the RFC. According to Plaintiff, these omissions constituted reversible error in light of the RFC which required him to stand and/or walk for 6 hours during an 8-hour workday. The Court disagrees.

Social Security Ruling 96–9p is entitled "Policy Interpretation Ruling Titles II and XVI: Determining Capability To Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work." This Ruling sets forth the relevant standard in determining whether to accommodate a medically necessary hand-

held assistive device. *See* 1996 WL 374185 (July 2, 1996). The Ruling states, in relevant part:

> **Medically required hand-held assistive device:** To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

*Id.* at *7.

In applying this regulation, the Tenth Circuit has explained, "The standard described in SSR 96-9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of her RFC. Instead, she only needs to present medical documentation establishing the need for the device." *Staples v. Astrue*, 329 F. App'x 189, 191-92 (10th Cir. 2009). Plaintiff is correct that the ALJ does not accommodate use of a cane in the RFC. *See* TR. 20. Even so, in her decision, the ALJ specifically references Plaintiff's use of a cane. *See id.*

"When the ALJ has erred but 'based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way' a reviewing court may 'supply a missing dispositive finding under the rubric of harmless error.' " *Staples*, at 192 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Thus, the Court must ask "whether there is any medical documentation establishing the *need* for a hand-held assistive device." *Id*.

As proof of "medical documentation," Mr. Snyder relies on: (1) a July 25, 2016 x-ray which showed "mild to moderate tricompartmental [osteoarthritis] medially; (2) a statement from a treating physician who had observed that Plaintiff had "[right] knee pain with difficulty ambulating;" and (3) a notation from a treating physician that Plaintiff might want to consider a "Life ALERT bracelet" because he is alone often and is at risk for falling. (ECF No. 14:11, citing TR. 717, 834, 843-847).

Despite this evidence, however, there is no documentation showing a medical source had prescribed the use of a cane. Based on SSR 96-9p and *Staples*, it is clear that lack of a prescription is not, standing alone, a valid basis for the ALJ to not consider Plaintiff's use of an assistive device. But nowhere in Plaintiff's records does a physician indicate a cane is particularly helpful or warranted. Mr. Snyder's reliance on the x-ray is misplaced, as this was one of the records the ALJ relied on in formulating his RFC. *See supra*. And the remaining statements from treating sources do not provide sufficient evidence indicating a medical need for a cane. *See Staples*, at 192 (finding a doctor's statement that the plaintiff "still uses a cane to walk" was insufficient medical documentation to support a finding of medical necessity). Thus, the ALJ was not required to consider the use of a cane in the RFC. Thus, even if the ALJ had erred in further evaluating Plaintiff's need for a cane, any error was harmless in light of the fact that the medical evidence did not support the inclusion of the cane in the RFC. *See Collier v. Berryhill*, No. CIV-17-598-M, 2018 WL 1976482, at *6–7 (W.D. Okla. Mar. 29, 2018),

*report and recommendation adopted,* No. CIV-17-598-M, 2018 WL 1975691 (W.D. Okla. Apr. 26, 2018).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. For the reasons explained, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on December 27, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE